**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JIMMY ORTIZ,** ) | **CASE NO.  1:09 CV 241** |
| ) | 1:06 CR 417 |
| Petitioner. ) | |
| ) | |
| vs. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Before the Court is the "Motion to Vacate Sentence under 'Savings Clause' Title 28 U.S.C.S. § 2255, ¶ 5" filed on February 5, 2009 by *Pro Se* Petitioner Jimmy Ortiz ("§ 2255 Motion" or "Motion") (**ECF No. 1**).  Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Motion is summarily **DENIED** for the reasons below.

**I.**

On August 29, 2006, the Government filed an indictment charging Ortiz with two counts of conspiracy to possess with the intent to distribute heroin (Counts 1 and 4), a violation of 21 U.S.C. §§ 851, 846, 841(a)(1) and (b)(1)(B).  The Government, in the same indictment, also charged Ortiz with one count of distribution of heroin (Count 3), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), as well as one count of illegal re-entry (Count 7), in violation of 8 U.S.C. § 1326(b)(2).  *ECF No. 9.*

On June 21, 2007, pursuant to a written plea agreement, Ortiz entered pleas of guilty to Counts 1, 3, 4, and 7. *ECF No. 69* ("Plea Agr."). Therein, Ortiz waived his right to directly appeal, or to challenge collaterally, his conviction or sentence except for a sentence in excess of the statutory maximum, a sentence in excess of the maximum of the sentencing range determined under the advisory Sentencing Guidelines pursuant to the plea agreement, ineffective assistance of counsel, or prosecutorial misconduct. *Id.* On August 14, 2007, the Court entered judgment against Ortiz for 168 months incarceration followed by 8 years of supervised release, with a special assessment fee of $400. *ECF No. 83.* The Court also issued a Sentencing Memorandum detailing its reasoning for imposing a sentence substantially below the advisory guideline range for a career offender (Offense Level 34, Criminal History Category VI, range of 262-237 months). *ECF No. 82.*

On September 23, 2007, Ortiz filed an untimely appeal raising the following claims: (1) his sentence exceeded the maximum guideline range, and (2) ineffective assistance of counsel. *ECF No. 87.* The Sixth Circuit dismissed the untimely appeal without prejudice to any right he may have to seek an extension of time from the district court under Fed. R. App. P. 4(b)(4). *ECF No. 92.* Ortiz never requested such extension.

Rather, on February 5, 2009, Ortiz filed the instant § 2255 Motion. He claims that (1) he is "actually and factually innocent" of Counts 1 and 4 because the Government never proved to a jury beyond a reasonable doubt that Ortiz had possessed 100 grams or more of heroin, and (2) his offense level was impermissibly increased by 12 levels under Count 7 because the Court treated the advisory Sentencing Guidelines as though they were mandatory in violation of the decision in *United States v. Booker*, 543 U.S. 220 (2005). *ECF No. 1.*

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996), quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the § 2255 motion is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides, in pertinent part:

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Id. After conducting the requisite prompt preliminary examination of the entire record, the Court concludes that it plainly appears that Ortiz is not entitled relief, as will be demonstrated below.

**III.**

As a threshold matter, Ortiz's § 2255 motion is time barred. A federal prisoner must file a § 2255 motion within one year of the date on which the judgment of conviction becomes final.

28 U.S.C. § 2255(f). The judgment of conviction was entered on August 14, 2007, *ECF No. 83*, and the conviction became final on August 24, 2007 – the end of the ten-day period in which Ortiz could have, but did not, file a timely notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). This means that the time to file a § 2255 motion expired on August 24, 2008. Ortiz filed the pending motion on February 5, 2009. Because Ortiz filed the § 2255 motion six months after the one-year period expired, it is time barred. The record shows that Ortiz filed an untimely notice of appeal on September 26, 2007. *ECF No. 87*. On December 14, 2007, the Sixth Circuit, noting that timeliness was a mandatory prerequisite that the appeals court could neither waive nor extend, dismissed the appeal without prejudice to "any right of [Ortiz] to seek an extension of time from the district court as provided by Fed. R. App. P. 4(b)(4)." *ECF No. 92*. Ortiz never sought such extension from this Court. The Court has found no case law permitting the tolling of the relevant one-year limitations period under these circumstances, and Ortiz has failed to show that he falls within any of the exceptions articulated at § 2255(f). *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008). Again, the § 2255 motion is untimely.

It appears Ortiz is attempting to circumvent the statutory time bar to filing a § 2255 motion by couching his motion as one brought under the "savings clause," and repeatedly referring to the terms "actual and factual innocence" and "§ 2255(e)." These are buzz words for a habeas petition under 28 U.S.C. § 2241.

Generally speaking, § 2255 is the primary avenue for relief for federal prisoners protesting the legality of their conviction or sentence, while § 2241 is the avenue for claims challenging the execution or manner in which the sentence is served. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may, however, challenge the legality of

his conviction or sentence under § 2241 if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. (citing 28 U.S.C. § 2255(e)). A prisoner's remedy under § 2255 remedy is not considered inadequate or ineffective merely because the motion is time barred, relief under § 2255 has already been denied, or the prisoner has been denied permission to file a second or successive § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999) (per curiam). Thus, the fact that Ortiz' § 2255 motion is time barred does not provide a basis for him to seek relief under the savings clause, or § 2255(e).

Nor can Ortiz avail himself of the savings clause by claiming "actual and factual innocence." The Sixth Circuit has thusfar held that only a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause and proceed under § 2241. *Id.*; *Joiner v. U.S.*, No. 1:07 CV 1706, 2007 WL 2688177 at *2 n.3 (N.D. Ohio Sep. 10, 2007) (citing *Lott v. Davis*, No. 08-6172, 2004 WL 1447645, at *2 (6th Cir. Jun. 18, 2004) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause")). Actual innocence means factual innocence, not legal insufficiency. *Martin v. Perez*, 391 F.3d 799, 802-3 (6th Cir. 2004) (citation omitted).

Ortiz claims that he is "actually and factually innocent" of Counts 1 and 4 because the Government did not meet its burden of proving to a jury beyond a reasonable doubt that he conspired to distribute or possessed with the intent to distribute 100 grams or more of heroin, which is an element of the offense. In other words, Ortiz argues that his conviction and/or sentence for those Counts violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the United States Supreme Court held that all facts, other than prior convictions, which increase

the maximum sentence must either be admitted by the defendant or found by a jury. Because Ortiz pled guilty to possessing with intent to distribute 100 grams or more of heroin in Count 4, admitted the drug quantity in the plea agreement,[1] and verbally admitted the drug quantity during the change of plea hearing,[2] *Apprendi* does not apply. Additionally, since *Apprendi* was decided before Ortiz's conviction became final, it would not qualify as an intervening change in the law that establishes his actual innocence. *Chandler*, 180 F.3d at 755.

With respect to Count 7, Ortiz claims that he is "Actually and Factually Innocent of the 12 Level Enhancement under § 2L1.2(1)(B) due to [the Court's] Mandatory use of the Guidelines to Enhance his Base Level" in violation of *United States v. Booker*, 543 U.S. 220 (2005). *Motion*, at 8. He claims that "[t]he record shows that the district court imposed [the sentence] based on the assumption that the enhancement of 12 levels were mandatory." *Id.*

Ortiz is correct that the Sentencing Guidelines are no longer mandatory under *Booker*.

---

[1]See *Plea Agr.* ¶ 2.

[2]Following is the precise colloquy:

    THE COURT: Mr. Ortiz, you agree that you were a member of a conspiracy, a criminal conspiracy during that approximate period, July and August 2006?

    THE INTERPRETER: Yes.

    THE COURT: All right. And that you conspired with Noe Ruvolcaba-Torrez, Celso Torrez-Valenzuela, and David Griffith? ; is that correct?

    THE INTERPRETER: Yes.

    THE COURT: And the purpose of that conspiracy was to distribute 100 grams or more of heroin?

    THE INTERPRETER: Yes.

*ECF No. 101* ("June 21, 2007 COP Tr.") at 40.

However, his argument still fails. In crafting a sentence after *Booker*, the district court is first supposed to calculate the applicable advisory guidelines range, then take into account the sentencing purposes and factors articulated in 18 U.S.C. §§ 3553(a) and (b). *U.S. v Deveaux*, 198 F. App'x. 480, (6th Cir. 2006). The Court explained this to Ortiz at the change of plea hearing.[3]

Furthermore, in the plea agreement, Ortiz expressly agreed that, "[f]or Count 7 of the indictment, . . . the United States Sentencing Guidelines Section 2L1.2 establishes a base offense level of 8. Pursuant to United States Sentencing Guidelines Section 2L1.2(1)(B) an enhancement of 12 levels is <u>appropriate</u> as the defendant has been previously convicted of a felony drug trafficking offense." *Plea Agr.* ¶ 8 (emphasis added). The Court affirmed Ortiz' understanding of this provision at the change of plea hearing.[4] A review of the plea agreement, the change of plea hearing and the sentencing hearing transcripts show that the Court repeatedly

---

[3]Below is the relevant colloquy:

    THE COURT: The sentencing guidelines, I'm sure Mr. Talty has explained to you, are advisory. They are not mandatory. But I've got to start out by computing the range correctly, and then ultimately imposing a sentence which is sufficient but not greater than necessary to meet the statutory purposes of sentencing.

*ECF No. 100* ("June 20, 2007 COP Tr.") at 8-9.

[4]Below is the relevant colloquy:

    THE COURT: And because you have a prior drug trafficking crime, 12 levels are added, so your base offense level for Count 8 – I'm sorry, for Count 7 is 20. Do you understand that?

    THE DEFENDANT: Yes.

*June 20, 2007 COP Tr.* at 24.

referred to the guideline calculation as advisory – as was also succinctly captured in a Sentencing Memorandum the Court issued following the sentencing hearing.  *See ECF No. 82*.

In any event, the record resoundingly demonstrates that the Court considered the applicable guideline range advisory <u>only</u> since everyone at the sentencing hearing, including Ortiz, agreed that (1) his offense level was 34 and his criminal history category was VI; (2) the applicable guideline range for offense level 34, criminal history category VI is 262 to 278 months; (3) the government and defense counsel suggested that a more appropriate sentence would be 200 months; and (4) the Court ultimately imposed a prison sentence of only 168 months.

Even had Ortiz filed his motion in a timely manner, the Court would summarily dismiss it.  The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction or sentence is enforceable.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  The record makes it abundantly clear that Ortiz waived his right to collaterally attack his convictions and sentence, and that he did so knowingly and voluntarily.

In the plea agreement, Ortiz expressly waived the right to file a direct appeal and the right to "challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255 " – with the following limited exceptions.  *Plea Agr*. ¶ 11.  He reserved the right to appeal any punishment in excess of the statutory maximum or a sentence that exceeded the maximum advisory guideline range using the criminal history category found applicable by the Court.  *Id.*  He also reserved the right to challenge, via appeal or collateral attack, claims of prosecutorial misconduct and ineffective assistance of counsel.  *Id.*  The record shows that the Court went over Ortiz' appeal rights with him at the change of plea

hearing, that Ortiz understood that he had those rights and that he was waiving them. (The Court notes at this juncture that it was revealed during the change of plea hearing that Ortiz is also known as Javier Lopez-Diaz.)

> THE COURT: All right. Before I get the factual – oh, I want to go over this provision, waiver of appeal, defenses and collateral attack rights. Mr. Lopez-Diaz, ordinarily, even with a guilty plea you would have the right to appeal your conviction and sentence and you would have the right to file what we call post-conviction motions if you felt that your constitutional rights had been violated. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: What you are doing in this paragraph is waiving or giving up first your right to accept - - first your right to appeal and second your right to file any of these post-conviction challenges with the following limited exceptions. First, if I were to sentence you in excess of the statutory maximum, that won't happen, but you could certainly challenge it. If I would decide I had to give you a sentence higher or greater than the high range, the high point of the advisory guideline range, you could challenge that. Put another way, if I were to sentence you within the advisory guideline range, you could not appeal. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you are waiving or giving up your right to file any of these post-conviction constitutional challenges unless you feel you've received ineffective assistance of counsel or that there has been government misconduct in the case. Do you understand that?
>
> THE DEFENDANT: Yes.

*June 20, 2007 COP Tr.* at 28-29. Indeed, the only issue that raised a red flag during the hearing was the factual basis for the guilty plea, at which point the Court recessed the hearing and gave Ortiz another day to talk to his lawyer and decide whether he wished to enter a guilty plea or proceed to trial. When the hearing commenced the next day, the parties presented the Court with a revised plea agreement which included the same, unrevised waiver of appeal and post-

conviction rights, and Ortiz expressed his desire to plead guilty to the charges and enter the plea agreement with the government. *June 21, 2007 COP Tr.* at 38-43.

The record also shows that the waiver was knowing and voluntary. In the plea agreement, Ortiz declared that he was not under the influence of any medication or drug that would impair his ability to fully understand the terms and conditions of his agreement; and he acknowledged that his offer to plead guilty was freely and voluntarily made, and that no threats, promises, or representations were made to him, nor agreements reached, to induce him to plead guilty. *Plea Agr.* ¶ 14. He acknowledged that no assurances, promises or representations had been given by the government which were not contained in the agreement. *Id.* ¶ 15.

At the change of plea hearing, the Court informed Ortiz that he needed to have a discussion with him to make sure that he was competent to enter the plea, that he came to his decision knowingly and voluntarily, that he understood all the rights he had and the rights he was giving up, that he had a good understanding of how his sentence would be determined, and that there was a factual basis for pleading guilty to the charged criminal conduct. *June 20, 2007 COP Tr.* at 14-15. The Court asked Ortiz if his lawyer had carefully gone over the plea agreement with him, and if an interpreter was there so that he could fully understand the agreement, to which he responded, "yes." *Id.* at 15. The Court asked Ortiz if he had recently been treated for any mental condition or whether he was under the influence of drugs, alcohol or any medication that might affect his ability to understand what was going on, to which he responded, "no." *Id.* at 16. At the end of an atypical, two-day change of plea hearing, the Court concluded, "I find specifically that he is competent to enter a guilty plea, that he's come to this decision knowingly and voluntarily, that he understands all of the rights he has and the rights he

is giving up by pleading guilty, and that he has a good understanding of how his sentence will be determined in this case." *COP Tr.* at 4. Because Ortiz' waiver of post-conviction rights was knowing and voluntary, the § 2255 motion is denied.

## IV.

Ortiz' § 2255 Motion is time barred. Further, the grounds raised by Ortiz in his § 2255 Motion are foreclosed by his guilty plea, and by the knowing and voluntary waiver of post-conviction rights in his plea agreement. In any event, Ortiz' asserted grounds for relief are plainly meritless. Accordingly, the § 2255 motion is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     February 24, 2009*
**Dan Aaron Polster**
**United States District Judge**